# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**KAISHA LYMON AND**                                       **CIVIL ACTION**
**KENNETH JOSEPH**

**VERSUS**                                                 **NO. 18-358-SDD-EWD**

**MURPHY OIL USA, INC,**
**WAL-MART STORES, INC AKA**
**WAL-MART LOUISIANA, LLC, AND**
**LIBERTY MUTUAL INSURANCE**
**COMPANY**

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 2, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

KAISHA LYMON AND                                         CIVIL ACTION
KENNETH JOSEPH

VERSUS                                                   NO. 18-358-SDD-EWD

MURPHY OIL USA, INC,
WAL-MART STORES, INC AKA
WAL-MART LOUISIANA, LLC, AND
LIBERTY MUTUAL INSURANCE
COMPANY

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Before the court is the Motion to Remand (the "Motion") filed by Plaintiffs Kaisha Lymon ("Lymon") and Kenneth Joseph ("Joseph") (collectively, "Plaintiffs").[1] The motion is opposed by Defendants Murphy Oil, USA, Inc. ("Murphy"), Wal-Mart Stores, Inc. ("Wal-Mart Inc."), Wal-Mart Louisiana, LLC ("Wal-Mart LLC") (collectively, "Wal-Mart") and Liberty Mutual Insurance Company ("Liberty Mutual") (collectively, "Defendants").[2] For the reasons set forth herein, the undersigned **RECOMMENDS** [3] that the Motion[4] be **GRANTED** and that this action be **REMANDED** to the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

---

[1] R. Doc. 11.
[2] R. Docs. 13 and 15.
[3] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).
[4] R. Doc. 11.

## I.     Facts and Procedural Background

Lymon alleges that, on or about March 20, 2017, she was present at a Wal-Mart and/or Murphy establishment in Harahan, Louisiana, when she slipped and fell (hereinafter, "the Incident").[5]   Lymon claims this Incident was due to Defendants' defective premises and negligence, which caused her "extremely painful and permanent injuries."[6]  On or about February 9, 2018, Lymon and Joseph filed suit against Defendants in the Nineteenth Judicial District Court for the Parish of East Baton Rouge.[7] In her Petition for Damages ("Petition"), Lymon alleges she suffered the following damages as a result of the Incident: (1) pain, suffering, disability, and impairment of bodily functions (past, present, and future); (2) mental anguish and emotional distress; (3) loss of enjoyment of life; (4) loss of earning (sic); (5) medical expenses (past, present, and future); (6) any and all other damages set forth at the time of trial; and (7) costs and judicial interest.[8]   Joseph claims damages solely for loss of consortium with Lymon.[9]  In keeping with Louisiana law, neither Lymon nor Joseph specified a numerical value for their damages in the Petition.[10]

On March 29, 2018, Murphy and its liability carrier, Liberty Mutual,[11] removed the matter to this Court, with Wal-Mart's consent, based on diversity jurisdiction under 28 U.S.C. § 1332(a).[12] The Notice of Removal and Wal-Mart LLC's Corporate Disclosure Statement adequately establish

---

[5] R. Doc. 1-2, ¶¶ 3-4.
[6] *Id.*
[7] R. Doc. 1-2.
[8] R. Doc. 1-2, ¶¶ 7, 11.
[9] R. Doc. 1-2, ¶ 8.
[10] La. Code Civ. P. art. 893(A)(1).
[11] R. Doc. 7, ¶ 7.
[12] R. Doc. 1, ¶¶ 7, 14, and 18 and R. Doc. 1-3.

that the parties are of diverse citizenship, which is not disputed.[13]  Instead, the parties disagree as to whether the requisite amount in controversy has been established.

## II.    Arguments of the Parties

### A.  Defendants' Notice of Removal and Diversity Memorandum

In the Notice of Removal, Murphy and Liberty Mutual (the "Removing Defendants") acknowledged that Plaintiffs did not make a specific monetary demand in their Petition.  However, Removing Defendants asserted that, based on Lymon's injury allegations, specifically Lymon's assertion of "extremely painful and permanent injuries" and the types of damages Plaintiffs seek (*see* listing, *supra*), it is facially apparent that the amount in controversy exceeds $75,000 exclusive of interest and costs.[14]  However, it is not facially apparent from the Petition or Notice of Removal that the amount in controversy is met because Plaintiffs failed to provide any information regarding the actual injuries that Plaintiffs allegedly sustained as a result of the Incident.  Accordingly, on April 3, 2018, the Court *sua sponte* raised the issue of whether the requisite amount in controversy is met and ordered Removing Defendants to file a supplemental memorandum concerning subject matter jurisdiction, specifically addressing whether Plaintiffs' claims in this matter are likely to exceed $75,000.[15]  Plaintiffs were ordered to either file their own memorandum supporting subject matter jurisdiction or a Motion to Remand for lack of same in response to Removing Defendants' memorandum.[16]

---

[13] R. Doc. 1, ¶¶ 8-9 (averring that Plaintiffs are domiciliaries of Louisiana), ¶ 10 (averring that Murphy is a Delaware corporation with its principal place of business in Arkansas), ¶ 11 (averring that Liberty Mutual is a Massachusetts corporation with its principal place of business in Massachusetts), and ¶ 12 (averring that Wal-Mart Inc. is a Delaware corporation with its principal place of business in Arkansas).  The Notice of Removal improperly identifies Wal-Mart LLC as a "Delaware corporation with its principal place of business in Arkansas."  *Id*. at ¶ 13.  However, Wal-Mart LLC's Corporate Disclosure Statement clarifies that it is a limited liability company with several layers of members that ultimately unravel to Wal-Mart Inc.  R. Doc. 5.  As such, there is complete diversity among the parties.
[14] R. Doc. 1, ¶¶ 15-17.
[15] R. Doc. 2.
[16] *Id*.

On April 13, 2018, Defendants filed their Memorandum in Support of Diversity Jurisdiction ("Diversity Memorandum"), which was subsequently adopted *in globo* by Wal-Mart.[17] Therein, Defendants acknowledged that it is their burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000, by either (1) demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000 or (2) setting forth the facts in controversy that support a finding of the requisite amount.[18]   Defendants further acknowledged that they were foreclosed from meeting their burden via the first option, as the undersigned already determined that it was not facially apparent that the jurisdictional minimum was satisfied when the April 3, 2018 *sua sponte* order was issued.  Accordingly, Defendants argued that the following facts demonstrate that that the amount in controversy is satisfied: (1) Plaintiffs' "myriad" claims for damages in the Petition; (2) Lymon's affirmative allegation of "extremely painful and permanent injuries"; (3) a pre-petition email between Plaintiffs' counsel and one of Liberty Mutual's claims adjusters wherein Plaintiffs' counsel advised the adjuster that Lymon sustained injuries to her back and both knees when she fell; (4) Lymon's pre-petition alleged verbal communications with the same Liberty Mutual adjuster, subsequently documented in writing,[19] wherein Lymon supposedly stated to the adjuster, "on more than one occasion," that Lymon was "recommended for surgery, that she intended to have surgery, and that she was preparing for surgery."[20]   Defendants contend that the foregoing allegations, and particularly Plaintiffs'

---

[17] R. Doc. 9 and R. Doc. 15.

[18] R. Doc. 9, pp. 2-3.

[19] Defendants contend that oral conversations with a plaintiff that are transcribed to writing may be used as evidence to prove that the amount in controversy exceeds $75,000, relying on *Carter v. E-Z Mart Stores, Inc. et al,* No. 08-0727, 2009 WL 1788541, at *3 (W.D. La. June 23, 2009).

[20] R. Doc. 9, pp. 3-4, referencing R. Docs. 9-1 and 9-2.

attorney's reference to back and knee injuries and Lymon's alleged reference to a surgery, support a finding that the amount in controversy exceeds $75,000 in this case.[21]

### B. Plaintiffs' Motion to Remand

On April 20, 2018, Plaintiffs filed the instant Motion to Remand.[22]  Plaintiffs assert that Defendants have failed their burden to show that the jurisdictional minimum is met based on either of the two tests enumerated above.   As to the facially apparent test, Plaintiffs argue that their pleading of general categories of damages and "extremely painful and permanent injuries" does not expound on the type or nature of the injuries sustained and thus does not provide the Court with enough information to infer from the face of the Petition that Plaintiffs' damages exceed $75,000.  Additionally, Plaintiffs state that the fact that they did not request a trial by jury is another factor indicating that their damages do not exceed the jurisdictional amount.[23]  Plaintiffs further argue that, even if this Court were to determine that Plaintiffs might recover more than $75,000 based on the Petition's allegations, the mere chance of such occurrence is not enough.  For these reasons, Plaintiffs contend that it is not facially apparent from Plaintiffs' Petition that the amount in controversy exceeds $75,000 exclusive of interest and costs.[24]

Plaintiffs likewise contend that Defendants have failed their burden to provide summary judgment-type evidence of facts in controversy, which would support a finding that the amount in controversy is met.  Specifically, Plaintiffs assert that Defendants' allegation that Lymon requires back and/or knee surgery is not sufficient evidence to prove that Plaintiffs' damages exceed

---

[21] R. Doc. 9, p. 4, *citing Cage v. Hobby Lobby Stores, Inc*., No. 14-58, 2015 WL 803120, at *4 (M.D. La. Feb. 25, 2015) (surgery recommendation), *Lee v. FAEC Holdings (LA), LLC*, No. 13-418, 2014 WL 3540881, at *5 (M.D. La. July 17, 2014) (indication and/or recommendation for back surgery), and *Reeves v. La. Transp. Inc*., No. 14-2379, 2014 WL 5455556, at *3 (W.D. La. Oct. 22, 2014) (knee surgeries) all for the proposition that the amount in controversy requirement was met based on back/knee surgery recommendations and/or surgeries.
[22] R. Doc. 11, R. Doc. 11-1.
[23] Plaintiffs rely on this Court's decision in *Davis v. JK&T Wings, Inc*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012).
[24] R. Doc. 11-1, pp. 3-4.

$75,000 because the allegation is unsubstantiated and speculative.[25]   According to Plaintiffs, Defendants base their assertion of Lymon's surgery on a "questionable and improperly obtained" claim adjuster's note,[26] which reflects that the adjuster did not know what type of surgery Plaintiff was to undergo or even if such surgery was related to the Incident.  Plaintiffs further argue that remand is warranted when a defendant does not produce a corroborating affidavit or allegations of fact within the notice of removal to support its assertions of the amount in controversy.  Finally, Plaintiffs argue that a showing that surgery is a possibility at the time of removal is not sufficient evidence to establish that the amount in controversy is met.

### C.  Defendants' Opposition to Remand

In their April 27, 2018 opposition memorandum, which was also adopted *in globo* by Wal-Mart,[27] Defendants again concede that this Court has already determined that it is not facially apparent from the Petition that the amount in controversy is met.[28]  Defendants newly assert, however, that "[b]ecause it is facially apparent from Plaintiffs' Petition that the parties to this matter are completely diverse," Plaintiffs were obligated to allege whether the asserted claims exceeded or were less than $75,000 pursuant to La. Code Civ. P. art. 893(A)(1), but failed to comply.[29]  Defendants aver that Plaintiffs' failure to follow this mandate should be considered by this Court in determining whether the amount in controversy exceeds the requisite amount. Defendants also re-urge the same evidence asserted in their Diversity Memorandum, comprised of

---

[25] Plaintiffs cite *Aldrich v. DBP Holding Corp*, No. 13-5729, 2014 WL 2215707, at *3 (E.D. La. May 28, 2014) (holding that an email from plaintiff's counsel, (in response to defense counsel's request for a stipulation that the plaintiff's damages did not exceed $75,000), in which plaintiff's counsel stated:  "She had a shld surgery; meds are a little over 20000; it is greater than 75000" without pointing to any supporting evidence, was mere speculation of what the amount in controversy could be, not what it was at the time of removal.)  *Id*. at *4.
[26] Plaintiff contends that the information contained in the adjuster's notes at R. Doc. 9-2 was improperly obtained because the adjuster communicated with Plaintiff, without counsel's consent, despite knowing that Plaintiff had counsel.  R. Doc. 11-1, p. 5, n. 1.
[27] R. Doc. 15.
[28] R. Doc. 13.
[29] R. Doc. 13, p. 2.

(1) Plaintiffs' attorney's email that Plaintiff suffered injuries to her knees and back when she fell, and (2) Lymon's "voluntary and unsolicited admission" that confirmed that surgery "is imminent,"[30] and not just "a mere possibility"[31] as argued by Plaintiffs. Further, in response to Plaintiffs' contention that Defendants do not know what type of surgery Plaintiff was supposed to undergo or if the alleged surgery was related to the Incident, Defendants aver that Plaintiffs have failed to stipulate or make any affirmative statements that Lymon's treating physicians have *not* recommended that she undergo back and/or knee surgery or that the surgery Lymon is supposed to undergo is *not* related to the Incident.[32] Defendants conclude that Lymon indicated her surgery is imminent, not just possible, and either a back or knee surgery, or a recommendation for same, is sufficient to show that the amount in controversy requirement is met in this case.

Finally, Defendants contend that, since they have sustained their burden in light of the above evidence, the burden shifts to Plaintiffs to show to a legal certainty that the amount in controversy is not met.[33] Defendant argue that Plaintiffs have not born this burden because Plaintiffs have not provided any evidence to controvert the "fact" that Lymon affirmatively represented she has undergone or is currently planning to undergo either knee or back surgery, or both. Further, Defendants note that Plaintiffs have not provided a post-removal stipulation or affidavit clarifying that the amount in controversy does not exceed $75,000, and have not affirmatively renounced, via affidavit, the right to recover more than $75,000. Defendants assert that Plaintiffs' contention that Lymon's injuries are ambiguous does not sustain Plaintiffs' burden.[34]

---

[30] R. Doc. 13, p. 3.
[31] Defendants contend that they did not improperly obtain this information. According to Defendants, the claims adjuster spoke to Plaintiff on October 23, 2017, and Plaintiffs' counsel did not return his calls or send a letter of representation until two months later. R. Doc. 13, p. 3, n. 1, *citing* R. Doc. 11-4 and R. Doc. 9-2.
[32] R. Doc. 13, p. 3.
[33] R. Doc. 13, p. 4.
[34] R. Doc. 13, p. 5.

### D. Plaintiffs' Reply in Support of Remand

In Reply, Plaintiffs aver that Defendants have not sustained their burden of providing summary judgment-type of evidence to establish that the amount in controversy is met. According to Plaintiffs, Defendants have not provided any reliable documentation of a back or knee surgery, such as medical bills, records, affidavits, or discovery responses. Rather, Plaintiffs argue that Defendants have only urged hearsay and speculation, consisting of a partial email chain and the claims adjuster's purported notes of a conversation with Lymon, wherein even the adjuster noted that he did not know what type of surgery Lymon was going to have.[35] Plaintiffs state that the foregoing is not trustworthy and does not sustain Defendants' burden, much less shift the burden to Plaintiffs.

## III. Law and Analysis

### A. Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[36] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[37] Remand is proper if at any time the court lacks subject matter jurisdiction.[38] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[39]

---

[35] Plaintiffs continue to contend that the claims adjuster improperly obtained this information because the adjuster was aware that Lymon was represented when he spoke to Lymon. Plaintiffs introduced evidence of a written log of telephone messages, which shows that the adjuster called Plaintiffs' counsel on October 23, 2017, less than an hour before he spoke to Plaintiff. R. Doc. 17, p. 2, *comparing* R. Doc. 17-1 to R. Doc. 9-2, p. 2.

[36] 28 U.S.C. § 1441(a).

[37] 28 U.S.C. § 1332(a)(1).

[38] *See* 28 U.S.C. § 1447(c).

[39] *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-282 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[40]  If, however, the "[s]tate practice ... does not permit demand for a specific sum" removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]."[41]  In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions.[42]

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied.[43]  While a plaintiff's allegations that her damages are insufficient to satisfy the amount in controversy requirement is presumptively correct, the presumption can be rebutted by the defendant, who may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum.[44]  If the defendant can produce evidence sufficient to show by a preponderance, *i.e*., summary judgment-type evidence, that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000.[45]  The jurisdictional facts that support removal must be judged at the time of removal.[46]

Since the parties are of diverse citizenship, which is undisputed, the only issue with regard to the Court's exercise of subject matter jurisdiction is whether the amount in controversy has been

---

[40] 28 U.S.C. § 1446(c)(2).

[41] 28 U.S.C. § 1446(c)(2)(A)(ii)–(B).

[42] La. Code Civ. P. art. 893(A)(1).

[43] *Luckett v. Delta Airlines, Inc*., 171 F.3d 295, 298 (5th Cir. 1999).

[44] *Id., and see Richard v. Georgia Gulf Lake Charles, LLC,* No. 07-0050, 2007 WL 2319804, *7 (W.D. La. Aug. 10, 2007) *citing De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[45] *See, e.g., Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 869 (5th Cir. 2002) and *De Aguilar*, 47 F.3d at 1412.

[46] *Kimble v. America First Ins. Co.*, No. 14-67, 2014 WL 1761556, at *2 (M.D. La. Apr. 28, 2014), *citing Gebbia v. Wal-mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000) and *Womack v. Nat'l Union Fire Ins. Co.,* No. 16-13127, 2016 WL 4728096, at *1 (E.D. La. Sept. 12, 2016).

satisfied under 28 U.S.C. § 1332(a).  Further, as conceded by Defendants, the Court previously determined that it was not facially apparent from the Petition that the amount in controversy is likely to exceed $75,000, which was the reason for the April 3, 2018 *sua sponte* order. Accordingly, the undersigned analyzes only the question of whether Defendants have established by a preponderance of the evidence that that amount in controversy is met.

### B.  Defendants Have Not Set Forth Facts Supporting A Finding That the Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs

The Court agrees with Plaintiffs that Defendants have not sustained their burden of introducing summary judgment-type evidence which indicates by a preponderance of the evidence that Plaintiffs' claims exceed $75,000 exclusive of interest and costs.[47]  Plaintiffs' Petition does not include any specific amount they are seeking to recover as damages, which comports with La. Code Civ. P. art. 893(A)(1).  Lymon's allegation of "extremely painful and permanent injuries" and her c boilerplate recitations of damages are devoid of any description of the injuries she allegedly sustained.  Additionally, there is no information to support the conclusory allegation that the injuries are permanent, nor is there any information regarding whether Lymon has sought and/or obtained medical treatment.  Further, there are no factual allegations regarding the extent of Joseph's alleged injuries at all.[48]

Although this Court has held that pleading general categories of damages is not sufficient to satisfy the 'facially apparent' test,[49]  Defendants argue that Plaintiffs' recitations of "a myriad of damages" and "extremely painful and permanent injuries" are proof that the amount in

---

[47] *Luckett*, 171 F.3d at 298, *Richard*, 2007 WL 2319804, at *7, and *De Aguilar*, 47 F.3d at 1412.

[48] *See* R. Doc. 4-2, pp. 9-11.  In fact, the Petition does not even reveal on its face whether Joseph falls within the class of people permitted to recover on a loss of consortium claim.  *See e.g., Morales v. Davis Bros. Constr. Co.*, No. 97-C-1648, 706 So.2d 1048, 1050-51 (La. App. 4 Cir. 1/28/97) (denying loss of consortium claim to individual who was fiancé at time of accident and later became spouse).

[49] *Davis*, 2012 WL 278728, at *3 (collecting cases).

controversy is met, relying on *Raborn v. Con-Way Truckload, Inc.*[50]  Importantly, the removing defendant in *Raborn* produced evidence of a pre-petition settlement demand letter, wherein the plaintiff demanded $256,005 in settlement and suggested that the defendant's trial exposure could "easily exceed $500,000."  Raborn also alleged that her damages exceeded $50,000 but did not stipulate that her damages were for less than $75,000 as required by La. Code Civ. P. art. 893.  The *Raborn* court held that this combination of evidence was sufficient to establish that the amount in controversy requirement was met.  Defendants herein have introduced no analogous settlement demand or affirmative allegation by Plaintiffs that Plaintiffs' claims at least exceed $50,000.  In fact, Plaintiffs argue here that they did not even demand trial by jury in state court as further evidence that it is not apparent their damages exceed the federal jurisdictional threshold.[51]

In addition to their arguments about the allegations in the Petition, Defendants rely heavily on two pieces of evidence.  First, an email chain, which consists of multiple emails from Liberty Mutual's claims adjuster to Plaintiffs' counsel (and only one response from the latter), which merely states that Lymon has unspecified injuries to her back and knees.[52]  The email chain does not provide any information about the nature, severity or permanence of these injuries or whether Lymon sought and/or obtained any medical treatment.  Second, claims adjuster's notes of an alleged conversation with Lymon, wherein Lymon allegedly stated that she was preparing to have surgery on October 30, 2017.[53]  These notes do not show that Lymon's surgery was for her back or knees, as argued by Defendants.[54]  The adjuster's reference to Lymon's statement about an unspecified surgery on an unspecified body part (assuming Lymon in fact made the statement) has

---

[50] No. 15-2969, 2015 WL 6738599, at *2 (E. D. La. Nov. 4, 2015).
[51] R. Doc. 11-1, p. 4.
[52] R. Doc. 9-1, p. 1 ("It is my understanding that Ms. Lymon injured her knees and back when she fell on your insured's property.")
[53] R. Doc. 9-2.
[54] As the Court finds that the claims adjuster's notes fail to satisfy Defendants' burden, it does not rule on the issue of whether Defendants obtained them improperly.

no apparent connection to Plaintiffs' claims herein.[55] There is no reliable evidence before the Court to tie the surgery to the injuries Lymon allegedly received during the Incident. The notes themselves (which are clearly hearsay) recognize that the claims adjuster who allegedly spoke to Lymon was not aware of what kind of surgery Lymon was to undergo.[56] While this Court has recognized that a surgery or a recommendation for surgery could indicate that the amount in controversy is met, at best the notes indicate that some type of surgery was/is a possibility for Lymon, but there is no indication from a reliable source that a surgery *related to the Incident* was recommended or performed. The email string and the notes do not shed light on the nature or extent of the injuries suffered by Lymon. Defendants failed to introduce any affidavits, medical records, discovery responses, or pre-removal settlement demands that indicate by a preponderance of the evidence that Plaintiffs' damages exceed $75,000.

Defendants further attempt to satisfy their burden by relying on Plaintiffs' failure to specify in the Petition that their claims are for less than $75,000.[57] Louisiana Code of Civil Procedure article 893(A)(1) provides that "[n]o specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish ... the lack of jurisdiction of federal courts due to insufficiency of damages ... a general allegation that the claim exceeds or is less than the requisite amount is required." This Court has held that a "plaintiffs' failure to follow La. C.C.P. art. 893(A)(1)'s

---

[55] *Cf., Reeves,* 2014 WL 5425556, at *3 (W. D. La. Oct. 22, 2014)(holding that the defendant carried its burden through record evidence that the plaintiff underwent a total knee replacement for the knee that was allegedly injured in the accident at bar).

[56] R. Doc. 9-2.

[57] Defendants incorrectly claim that "it is facially apparent from Plaintiffs' Petition that the parties to this matter are completely diverse," which obligates plaintiffs to allege whether the asserted claims were more or less than the federal jurisdictional amount. R. Doc. 13, p. 2. In fact, Plaintiffs' Petition does not adequately assert the citizenship of the parties for the purposes of establishing diversity under 28 U.S.C. § 1332.

mandate, while entitled to some consideration, in and of itself is not determinative of the amount in controversy." Accordingly, Plaintiffs' failure to make this allegation is only one factor for the Court to consider. It is not enough under these facts to show that Plaintiffs' claims are likely to exceed $75,000, exclusive of interest and costs.

Finally, the Court rejects Defendants' argument that it is Plaintiffs' burden to show that Lymon's treating physician did not recommend surgery for Lymon or that the purported surgery is not related to the Incident.[58] Defendants cannot shift the burden of proof to Plaintiffs when Defendants have not first established by a preponderance of the evidence that the amount in controversy is met.

The removal statute is strictly construed "and any doubt as to the propriety of removal should be resolved in favor of remand."[59] Accordingly, and for the foregoing reasons, the Court finds that Defendants have failed to carry their burden of proving that Plaintiffs' damages in this case are likely to exceed $75,000, exclusive of interest and costs, and recommends that Plaintiffs' Motion to Remand be **GRANTED**.

## IV.    Recommendation

Accordingly, it is **RECOMMENDED** that the Motion to Remand filed by Kaisha Lymon and Kenneth Joseph be **GRANTED,** and this matter be remanded to the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana, for further proceedings.

Signed in Baton Rouge, Louisiana, on November 2, 2018.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[58] R. Doc. 13, p. 3.
[59] *Gutierrez v. Flores,* 543 F.3d 248, 251 (5th Cir. 2008) *citing In re Hot–Hed, Inc.,* 477 F.3d 320, 323 (5th Cir. 2007).